STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |
|---|---|
| | } |
| In re: Vaillancourt[1] Transportation LLC and | } |
|     Michael Weld Conditional Use Application | } Docket No. 135-7-07 Vtec |
|     (Appeal of Gervais) | } |
| | } |

Decision and Order on Cross-Motions for Summary Judgment

Appellants Daniel Gervais, Sr. and Kimberly A. Gervais appealed from a decision of the Development Review Board (DRB) of the Town of Enosburg regarding an application for conditional use approval. Appellants are represented by Richard A. Gadbois, Esq.; and Appellee-Applicants Vaillancourt Transportation LLC and Michael Weld (Applicants) are represented by Kevin T. Brennan, Esq. The Town of Enosburg has not entered an appearance in this matter. Both parties have moved for summary judgment. The following facts are undisputed unless otherwise noted.

Applicants operate a milk hauling business. They applied for conditional use approval for a "place to service and repair the trucks & trailers and a place to park them," stating that the "only changes needed will [be] to build a rest room for employees and make a parking lot for the trucks and trailers approx. 150' x 150'." The application states the landowner of the merged property as "Tim and Cindy Longe," although the associated site plan shows only former Lot 1, a 2.25-acre lot lying on both sides of Davis Road, as being owned by the Longes.

The property for which the application was made is located at the Boston Post Road

---

[1] This decision uses the spelling in the application and site plan, as it is signed by the business owner, rather than that in Appellee-Applicants' memoranda.

1

and Davis Road, in the Rural Residential zoning district. It is described as consisting of three former lots merged into one, containing a residence and its accessory garage on former Lot 1 (proposed to be retained as rental housing), an 80' x 60' open bay garage/shed on former Lot 2 (proposed to be enlarged, enclosed, and to have toilet facilities and an office added), and a trailer and garage (both proposed to be removed) on former Lot 3. The residence and garage on former Lot 1 are located to the north of Davis Road and are not proposed to be affected by the proposed project. Applicants' statement of material facts states that the portion of the combined property lying to the south of Davis Road and proposed for the project is 5.45 acres in area; however, the attached site plan shows Lot 1 as being owned by Longe and the remainder as being owned by Vaillancourt, of which only 4.5 acres lies to the south of the Davis Road right-of-way.

Accordingly, material facts remain in dispute as to the ownership of the project parcel and whether it has merged into a combined parcel having 5.45 acres to the south of the Davis Road right-of-way, as the term "lot" is defined in the zoning bylaws.

In the Rural Residential zoning district, the use categories of "Light Industry" and "Commercial Facilities" are conditional uses (for which a minimum of five acres is required). Material facts are in dispute as to whether Applicants' proposed use of the property falls within the definitions of either of those use categories or within any other use category allowed in the district.

Finally, material facts are in dispute, or at least have not been provided in connection with the motions, as to whether the proposal meets any of the criteria for conditional use approval. If the project also requires site plan approval, it is not clear that any action was taken by the DRB to approve the site plan and therefore whether any issues as to site plan approval are before the Court in this appeal.

2

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that both parties' motions for summary judgment are DENIED as material facts are in dispute at least as to Questions 5 and 6 of the Statement of Questions, and possibly also as to Questions 3 (as to lot size) and 4 (as to proposed use category).

A telephone conference has been scheduled (see enclosed notice) to discuss further proceedings in this appeal. Please be prepared to discuss the applicability of the 2007 zoning ordinance and when it was proposed for public hearing, in light of the provisions of 24 V.S.A. §4449(d). A copy of this decision and the notice of the telephone conference is being provided to the Town in the event it wishes to be heard on this issue. Please also be prepared to discuss whether Questions 1 and 2 of the Statement of Questions should be dismissed or withdrawn in light of the de novo nature of this proceeding. If Applicant believes that site plan approval was before the DRB in the proceedings below, please also be prepared to discuss that issue.

Done at Berlin, Vermont, this 5th day of December, 2007.


_____
                Merideth Wright
                Environmental Judge

3